UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JAOQUIN DAVID CABALLERO,<br><br>   Petitioner,<br><br>v.<br><br>SCOTT P. FISHER,<br>Warden, FCI Sandstone,<br><br>   Respondent. | Civil No. 13-2143 (MJD/TNL)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 2003, a federal court jury in the Northern District of Iowa found Petitioner guilty on two counts of distributing methamphetamine. A 240-month prison sentence was imposed for each conviction, to be served concurrently. Petitioner is presently serving his

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); <u>Mickelson v. United States</u>, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849, at *2; <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270 n.1, (9th Cir. 1989); <u>Rothstein v. Pavlick</u>, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789, at *3.

sentence at the Federal Correctional Institution in Sandstone, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal, contending that the trial court had erroneously determined the quantity of methamphetamine that was attributable to him for sentencing purposes. The Eighth Circuit Court of Appeals rejected that argument and affirmed Petitioner's conviction and sentence. United States v. Caballero, 94 Fed.Appx. 437 (8th Cir. 2004) (unpublished opinion).

As far as the Court can tell, Petitioner has not previously challenged his conviction or sentence in any post-conviction proceeding brought under 28 U.S.C. § 2255 or otherwise.[2]

In the present § 2241 habeas corpus case, Petitioner is attempting to challenge the sentence he received in 2003 in his federal criminal case in the Northern District of Iowa. He now claims that he "is serving a sentence which is based on information contained in his P.S.R. [pre-sentence report] with respect to the quantity of methamphetamine (mixture) that is not exact and open to interpretation."  (Petition, p. 1.)

For the reasons discussed below, the Court finds that Petitioner's current challenges to his 2003 federal criminal conviction and sentence in the Northern District of Iowa cannot be brought in a § 2241 habeas corpus petition.

---

[2] The trial court docket sheet for Petitioner's federal criminal case in the Northern District of Iowa, (United States v. Caballero, No. 6:02-cr-2028-LRR-2), is accessible to this Court by means of the Case Management – Electronic Case Filing system ("CM/ECF") that is maintained by the federal courts.  The Court finds nothing in that docket sheet which suggests that Petitioner has ever filed a § 2255 motion, or any other application for post-conviction relief, in the trial court.  The Court also finds nothing in Petitioner's current submissions which suggests that he has ever initiated any post-conviction proceedings related to his federal criminal case in the Northern District of Iowa.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought under 28 U.S.C. § 2241 unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam) (quoting 28 U.S.C. § 2255); see also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because, when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the 240-month sentence imposed in his federal criminal case in the Northern District of Iowa. He claims that his sentence was based on unreliable information regarding the quantity of the drugs involved in his offenses. Because Petitioner is directly challenging the validity of the sentence imposed by the trial court, his current habeas corpus petition is barred by § 2255's exclusive remedy rule unless the savings clause applies here.

In some cases, a § 2241 habeas petition barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255 because of the one-year statute of limitations that applies to § 2255 motions. 28 U.S.C. § 2255(f). Any § 2255 motion that Petitioner might attempt to bring before the trial court at this late date would be time-barred. Therefore, it would not be appropriate to construe the present petition to be a § 2255 motion and transfer this matter to the trial court.

Moreover, it appears that Petitioner may have deliberately elected to bring his current claims in a § 2241 habeas corpus petition because he knows he is barred from seeking relief under § 2255. Petitioner might believe that he is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his sentence in a § 2241 habeas proceeding, because he is not presently eligible for relief under § 2255, due to the one-year statute of limitations. That reasoning, however, must be rejected.

The procedural rules that limit the availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become

4

"inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the § 2255 statute of limitations (as well as the rules governing successive § 2255 motions) to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will <u>not</u> be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... <u>or because petitioner has allowed the one year statute of limitations and/or grace period to expire</u>." <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted) (emphasis added); <u>see also Hill</u>, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); <u>Abdullah</u>, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." <u>In re: Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his or her conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." <u>Abdullah</u>, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in his direct appeal, or in a timely § 2255

motion. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current claims on direct appeal or in a § 2255 motion. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

As the Court of Appeals pointed out in Abdullah –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963 (quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)).

In this case, Petitioner has had an adequate procedural opportunity to raise his current claims for relief, and he is therefore barred from bringing those claims in a § 2241 habeas corpus petition.

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of the sentence imposed following his 2003 federal criminal conviction in the Northern District of Iowa; (2) such challenges can be raised only in a § 2255 motion filed in the trial court unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion because Petitioner is barred from seeking relief under the one-year statute of statute of limitations imposed by 28 U.S.C. § 2255(f); (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule; and (5) because Petitioner has already

6

had an adequate procedural opportunity to present his current claims, he cannot bring those claims in a § 2241 habeas corpus petition. Thus, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

[Continued on next page.]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1) be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.


Dated: August   19  , 2013

                                            *s/ Tony N. Leung*
                                            TONY N. LEUNG
                                            United States Magistrate Judge


                                            *Caballero v. Fisher*
                                            File No. 13-cv-2143 (MJD/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 20, 2013**.